CHARLES CARROLL, Judge
(dissenting in part).
I concur in the majority decision affirming the decree, except for the two provisions of the decree which are discussed below, as to which I would modify it.
An inspection of the record leads me to conclude that the husband’s attorney is correct in his contention that the evidence does, not support the holding in paragraph eight of the decree that the amount of arrears of temporary alimony was $2,066.85 at the time of the final decree. On proceedings on rehearing it was conceded by the husband that he was in default in the amount of $1,413.25 as of the date of the decree. There was no evidence to the contrary, and, since the payments were made through the office of the circuit court clerk, it would appear that had the arrears been in some different amount, the fact could have been established.
The second feature upon which I question the correctness of the decree is that portion of paragraph seven which required the husband to pay certain obligations incurred by the wife, not listed in the decree, but which the record shows amounted to several thousand dollars over and above the requirements of the orders entered pen-dente lite. For example, the initial temporary order for support, in addition to requiring payment of $150 per week, re *616 quired the husband to pay for the upkeep of the home, medical expenses and “clothing costs for the plaintiff and for the children.” Within a short period after entry of that order the wife purchased and charged to the husband $2,420.22 worth of clothing. That sum, together with other items, was brought to the attention of the court by a statement of obligations of the wife which she filed at a subsequent hearing on April 27, 1965. The order entered on that hearing required the husband to pay those “obligations,” and enjoined the wife “from purchasing any items or incurring any further indebtedness on charge accounts or otherwise chargeable to the defendant except with the defendant’s approval to be evidenced by written memorandum.” Notwithstanding that injunction, within the next year the wife incurred additional obligations, without written consent of the husband, consisting of a score of personal loans by her from a company in which members of her family were interested, in amounts ranging from a few dollars to $600, and which aggregated approximately $3,000. A reason given by her for borrowing such sums was that they were needed for support in times when the husband was late or delinquent in payment of the ordered support payments of $150 per week. The husband’s attorney responded to that by contending it was incorrect for the final decree to require the husband to make good on the arrears of alimony and also to repay such loans.
In my opinion the decree should be modified to reduce the amount of the judgment against the husband for arrears of temporary alimony from $2,066.85 to $1,413.25. In addition, paragraph seven of the decree should be modified to eliminate the requirement for the husband to pay, over and above the sums or items required to be paid by orders entered pendente lite, obligations incurred by the wife after and in violation of the order of April 30, 1965, which had enjoined her from incurring such obligations without the written consent of the husband.[1]

. To the extent such loans represented money borrowed for support for a period or periods when the ordered support payments were omitted by the husband, his payment under the decree curing such delinquencies would place the wife in position to repay those particular loans. No necessity was shown for making loans for other purposes such as would justify ordering repayment thereof by the husband. The two statements filed by the wife showing obligations incurred or accrued after the pendente lite order of April 1965, in addition to listing 19 loans totaling $2,971.72, listed obligations which the husband is required to pay by paragraph seven of the final decree, consisting of $370 for medical expenses, $73 for utilities, $75 for mortgage payments, $575 for taxes, $980 for Instruction and Education, $26.17 for house repairs and $32 for insurance.